**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| Jesus Buruca Martinez, | Criminal Action No.: 8:12-cr-00481-JMC |
| Petitioner, | Civil Action No.: 8:16-cv-03991-JMC |
| v. | **ORDER AND OPINION** |
| United States of America, | |
| Respondent. | |

This matter is before the court on *pro se* Petitioner Jesus Buruca Martinez's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255(h) alleging ineffective assistance of counsel (ECF No. 1576.) The United States of America ("Government") filed a response in opposition to Petitioner's Motion arguing that Petitioner failed to prove his counsel's alleged deficiencies, and therefore the Government contemporaneously moved for Summary Judgment. (ECF Nos. 1579, 1580.) Petitioner has filed his response in opposition to the Government's Response and Motion for Summary Judgment (ECF No. 1609), and the matter is now ripe for resolution.

After reviewing the parties' respective memoranda and the record of the underlying proceedings, the court determines that an evidentiary hearing is unnecessary. For the reasons set forth herein, the court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255(h) (ECF No. 1576), and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 1580).

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2014, a federal grand jury indicted Petitioner, alleging a conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of actual methamphetamine. (ECF No. 1082.) Petitioner's trial for the instant offense began on September 8, 2014.

On September 10, 2014, Petitioner was found guilty of Conspiracy to possess with intent to distribute or distribute a mixture or substance containing a detectable amount of methamphetamine and/or actual methamphetamine. (ECF No. 1266.) On December 22, 2014, the court sentenced Petitioner to 120 months imprisonment. (ECF No. 1364.) Petitioner filed a timely *pro se* notice of appeal of final judgment on December 29, 2014 (ECF No. 1367), and was subsequently appointed counsel. The final judgment was affirmed on July 29, 2016 by the U.S. Court of Appeals for the Fourth Circuit (ECF. No. 1551), and took effect on August 22, 2016. (ECF No. 1554.) On December 27, 2016, Petitioner filed his motion seeking relief pursuant to 28 U.S.C. § 2255(h), largely arguing ineffective assistance of counsel (*See* ECF No. 1576.) On January 26, 2017, the Government filed its response to Petitioner's § 2255 Motion stating there is no evidence in the record indicating Petitioner's attorney provided ineffective assistance, and Petitioner's claims for relief are baseless, without merit, and erroneous. (ECF No. 1579.) On January 26, 2017, Government also filed a Motion for Summary Judgment, stating there is no genuine issue of material fact because Petitioner was found guilty after a jury trial and the District Court sentenced him appropriately. (ECF No. 1580.)

On April 3, 2017, Petitioner filed a response to the Government's Motion for Summary Judgment, asserting the Government failed to prove any connection between himself and the

individuals involved in the underlying conspiracy, and was devoid of any evidence indicating such. (*See* ECF No. 1609.)

## II. STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. *Id*. A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller. United States*, 261 F. 2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief." 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

The Government has also sought summary judgment on Petitioner's claims in this case. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to the judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At a summary judgment stage, the court must view the evidence in light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. ANALYSIS

Petitioner's main argument in his § 2255 Motion is that he should have been found not guilty of conspiracy and his sentence should be vacated because his counsel was ineffective. (ECF No. 1576.) Petitioner argues his counsel failed to: (1) file a motion to suppress evidence; (2) agree to a plea deal offered by prosecution and instead recommended the case be brought to trial; (3) review discovery with him; and (4) argue his minimal participation in the conspiracy. *Id.* However, Petitioner has not provided the court with any evidence to support these arguments. In reviewing the record, the court finds Petitioner's arguments are inconsistent with the record.

### A. Motion to Suppress Evidence

Petitioner claims counsel failed to file a motion to suppress evidence. "To establish a drug conspiracy under 21 U.S.C. § 846, the Government must prove that (1) defendant entered into agreement with one or more persons to engage in conduct that violated 21 U.S.C. §841(a)(1); (2) defendant had knowledge of that conspiracy; and (3) defendant knowingly and voluntarily participated in the conspiracy." *U.S v. Martinez,* 657 F. App'x 157,158 (4th Cir. 2016) (quoting *U.S. v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014.)) "Given the 'clandestine and covert' nature of the conspiracies, the [G]overnment can prove the existence of a conspiracy by circumstantial evidence alone." *Id*. (quoting *U.S v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996)). "Once the conspiracy is proven, the evidence need only establish a slight connection between [D]efendant and the conspiracy to support his conviction." *Id*. (quoting *Burgos*, 94 F.3d at 861). In applying these standards and reviewing the evidence on the record, Petitioner himself recognizes his participation in the conspiracy in his Motion conceding "it is clear to [the] observed that Martinez was a minor participant and was not a conspirator" (ECF No. 1576.) Additionally, evidence the Government presented at trial including videotape of Petitioner counting proceeds from drug sales

with other co-conspirators, and a subsequent arrest shortly thereafter in which Petitioner was carrying in excess of $20,000 in cash from those drug sales was more than sufficient to show participation in the conspiracy. (ECF No. 1580.) Therefore, this satisfies the standard of evidence needing to only establish a slight connection between Petitioner and the conspiracy to support his conviction. "Neither the [G]overnment nor a defendant has any right to expect that the disposition of a suppression motion should be made on something other than the facts of a case. The criminal justice system retains an interest in reliable suppression hearings. That interest would be undercut if the suppression of reliable evidence from suppression rulings were henceforth to be the standard." *U.S. v. Gray*, 491 F.3d 138, 150 (4th Cir. 2007.) "Suppression hearings, while properly observant of due process, are not meant to replicate trials." *Id.* at 149.

    **B. Agreement to a Plea Deal Offered by Prosecution and Recommendation the Case Go to Trial**

Petitioner argues counsel was ineffective because she failed to agree to a plea deal offered by the Government, and recommended that the case move forward to trial instead. After further review, this too was inconsistent with the record. At Petitioner's sentencing hearing, counsel spoke directly to the plea negotiations with the Government. The Government began by making mention of other co-defendants in the case who did cooperate and plead guilty, then acknowledged those same options were made available to Petitioner. However, Petitioner did not avail himself to those options. (ECF No. 1401.) Defense counsel affirmed agreeing with everything the Government put on the record as to the Government and Defense's attempt to reach an agreement in the case. *Id.* at 12. Likewise, the court acknowledged the matter at hand expressing "[I] do recall several attempts at which the Government and defense counsel were trying to negotiate things. Obviously, it is Defendant's right to have a trial. And the court is always available for that right to have a trial." *Id.* at 12-13. Additionally, the United States Supreme Court has recognized in *Lafler v.*

5

*Cooper*, 566 U.S. 156, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012)[1] a Defendant has to show but for counsel's deficient performance there is a reasonable probability he and the trial court would have accepted the guilty plea. "To show prejudice from ineffective assistance of counsel in a case involving a plea offer, petitioners must demonstrate a reasonable probability that (1) they would have accepted the earlier plea offer had they been afforded effective assistance of counsel, and (2) the plea would have been entered without the prosecution cancelling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law" *Merzbacher v. Shearin*, 706 F. 3d 356, 366 (4th Cir. 2013). There is no such deficient performance of this nature by defense counsel in this case. Nothing on the record points to counsel advising Petitioner to reject the plea offer from the Government and go to trial because of the belief Petitioner's connection to the conspiracy could not be established. The record indicates there were multiple attempts at plea negotiations between defense counsel and the Government, but Petitioner did not accept those offers on his own terms, not because of influence of his counsel. Therefore, Petitioner was not prejudiced and the standard for ineffective assistance under *Strickland* has not been satisfied.

### C. Failure to Review Discovery

The record neither confirms nor negates the claim that defense counsel failed to review discovery with Petitioner. However, the record does reflect that counsel, the Government, and the

---

[1] Defendant was prejudiced as an element of ineffective assistance of counsel, by counsel's deficient performance in advising defendant to reject a plea offer from the State and go to trial because counsel believed that defendant's intent to murder could not be established. "As to prejudice, respondent has shown that but for counsel's deficient performance there is a reasonable probability he and the trial court would have accepted the guilty plea. In addition, as a result of not accepting the plea and being convicted at trial, respondent received a minimum sentence $3^{1/2}$ times greater than he would have received under the plea. The standard for ineffective assistance under *Strickland* has thus been satisfied."

case agents met on several occasions to review the voluminous discovery and work through any evidentiary issues. (ECF No. 1398.) Petitioner "has not pointed to any specific discovery material, how he would have utilized it, or, if he were allowed to have a copy, how it would have made a difference in the outcome of his trial." *Johnson v. U.S.*, No. 2:07-CR-00924-DCN-3, 2014 WL 295157, at *5 (D.S.C. Jan. 27, 2014); *See also U.S. v. Tinsley*, 2012 WL 2131898 (E.D. Va. June 11, 2012) (holding that petitioner did not make an adequate claim of ineffective assistance because he failed to explain how he was prejudiced by his counsel's alleged failure to share discovery material.) "A petitioner bears the burden of proving the grounds for a collateral attack of his conviction by a preponderance of the evidence." *Id.* (citing *Mills v. U.S.*, Nos. 2:97-cr-00815-DCN-1, 2:11-cv-02522-DCN, 2013WL 566855, at *2 (D.S.C. Feb. 11, 2013)). Petitioner has failed to meet that burden here.

### D. Failure to Argue Minimum Role or Participation

Petitioner asserts his counsel was ineffective due to failure of arguing the minimal role and minimal participation he had in the conspiracy. "Although the amount by which a defendant's sentence is increased by a particular decision may be a factor to consider in determining whether counsel's performance in failing to argue the point constitutes ineffective assistance, under a determinate system of constrained discretion such as the Sentencing Guidelines it cannot serve as a bar to a showing of prejudice." *Glover v. U.S.*, 531 U.S. 198, 204, 121 S. Ct. 696, 701, 148 L. Ed. 2d 604 (2001). However, at numerous stages during sentencing, defense counsel advised the court of Petitioner's "very limited involvement in a very large conspiracy" (ECF No. 1401), and asked the court to take into consideration Petitioner's "lack of a record" as compared to other co-defendants with significant criminal records. *Id.* at 12. The record clearly reflects that defense

counsel argued Petitioner's minimum role and participation in the conspiracy, which is a factor in support of counsel's effective assistance.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255(h) (ECF. No. 1576), and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 1580.)

## V. CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue … only if the applicant made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability … shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 18, 2018
Columbia, South Carolina